NO. 07-06-0184-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 6, 2006

_____

DEDRIC LAMAR POLITE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,827-E; HON. ABE LOPEZ, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Dedric Lamar Polite was convicted of attempting to take a weapon away from a peace officer. He challenges that conviction in one issue by contending the evidence is legally insufficient to sustain the conviction. We affirm the judgment of the trial court.

On August 10, 2005, appellant appeared at the home of his sister Brittny and her two children. He began to argue with his mother in the front yard. As appellant commenced to yell and scream, Brittny asked him to leave. When he refused, Brittny

turned to go back into the house and appellant grabbed her around the neck.  The parties proceeded into the living room of the house where both Brittny and her mother began hitting appellant.  As the altercation continued, appellant fell off the couch and was screaming, yelling, flailing, and rolling around on the floor.  Brittny called her brother for assistance to remove appellant from the house and also called the police.

Officer Faustino Martinez was the first officer  to arrive.  Although he initially waited for backup before entering the house, when appellant's mother approached him screaming for help, he entered the house.  Martinez observed appellant's brother Leonard  in the process of trying to restrain appellant on the floor.  When Martinez attempted to put handcuffs on appellant, appellant told him, "I'm going to get your gun," and Martinez saw appellant's hand on the bottom of his gun.  Leonard assisted the officer in removing appellant's hand from the gun and in handcuffing him.

The standard by which we review the legal sufficiency of the evidence is well established.  We refer the parties to *Jackson v. Virginia,* 443 U. S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) for explanation.

An offense is committed if a person "intentionally or knowingly and with force takes or attempts to take from a peace officer . . . the officer's firearm . . . with the intention of harming the officer or a third person."  TEX. PEN. CODE ANN. §38.14(b) (Vernon Supp. 2006).  Appellant contends the evidence is insufficient to show that he committed the act intentionally or knowingly and with force.  This is so, he argues, because he suffered a seizure which was "the impetus" in this case,  and Martinez used a holster that would have prevented his weapon being taken from him by force.

2

Intent may be inferred from circumstantial evidence such as the words, acts, or conduct of the appellant. *Guevara v. State,* 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). In the record before us is evidence that 1) appellant was yelling and verbally abusive and had grabbed his sister around the neck even before he was allegedly showing symptoms of a seizure, 2) appellant then began kicking, flailing, and screaming on the floor, 3) Brittny testified that, before the officer was getting ready to put the handcuffs on appellant, appellant stated, "[S]omebody get his gun, he's trying to kill me," although the officer had not touched his firearm, 4) appellant lunged at the officer while the officer was trying to restrain him, 5) the officer believed there was a potential for violence, 6) appellant told the officer, "I'm going to get your gun," 7) appellant wrapped the bottom of his hand around the bottom of the gun and later grabbed for the top portion, 8) the officer did not believe that appellant merely touched his gun during appellant's flailing, and 9) the officer considered the attempt to take his gun as life threatening. This evidence viewed in its most favorable light is sufficient to allow a rational trier of fact to infer beyond reasonable doubt that appellant knowingly or intentionally and with force attempted to seize the officer's weapon.

Accordingly, appellant's issue is overruled, and the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.